**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DIANTI EARLY | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 1:22-CV-00816-SCJ |
| | ) | |
| OFFICER JOHN MAYS, | ) | |
| Individually, as an officer of the | ) | |
| UNION CITY POLICE DEPARTMENT, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.     **Description of Case:**

(a)     Describe briefly the nature of this action.

The Complaint asserts claims for civil rights violations under 42 U.S.C. § 1983 and state-based claims under Georgia law.  This lawsuit seeks recovery for Mr. Early's injuries and damages from a broken leg and ankle which is alleged to have occurred when Officer Mays' police vehicle allegedly ran over Mr. Early's leg as he was fleeing from a stop.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**<u>Plaintiff's Statement</u>:**

In the afternoon of March 1, 2020, Officer Mays intentionally ran Plaintiff down with his police cruiser while effecting a *Terry* traffic stop—crushing Plaintiff's leg and severely fracturing his ankle. The Plaintiff's injuries required immediate surgery and have caused lasting pain.

Defendant Mays used excessive force when he ran Plaintiff Early over with his police cruiser to stop Plaintiff from running away. Defendant Mays' deliberate indifference to Mr. Early's constitutional rights is evinced by inconsistent statements in reports and records, Mr. Early's true account of what occurred which is alleged herein and will be revealed in discovery, as well as May's willful violation of Union City Police Department SOPs in failing to timely activate both his body-worn camera and dash camera.

**<u>Defendants' Statement</u>:**

On March 1, 2020, Union City Police Officer John Mays, while on duty and acting within the scope of his employment as a police officer for the City of Union City, Georgia, was on patrol near Buffington Road in Union City.  Officers for the Union City Police Department were all on the lookout for a black 2017 Jeep Grand

Cherokee which was reportedly used in several crimes in the area. The occupants were known to be armed with a firearm and possibly dangerous.

Officer Mays observed a vehicle matching the description of the bolo at an Exxon gas station and observed the driver of the vehicle with a large budge in his front waist band. Because the car was backed into the spot, Officer Mays had to follow the car a short distance to run the tag of the vehicle. When dispatch informed Officer Mays that the car was reported stolen, Officer Mays activated his lights to stop the vehicle; however, Early failed to stop and continued to drive through the apartment complex. Officer Mays then activated his sirens, and again Plaintiff failed to stop his vehicle. Plaintiff continued driving the vehicle through the apartment complex.

Upon approaching a dead end of a parking lot area, the passenger in Early's vehicle jumped out of the moving vehicle and fled. Shortly thereafter, Early jumped out of the vehicle while it was still moving and to flee. Early ran towards the rear of the vehicle and in front of Officer May's police vehicle. Early's vehicle came to an uncontrolled rest when it went over a curb and struck a tree.

Early stumbled, attempted to gather himself and stumbled again in his attempt to flee. At that time, Officer Mays vehicle is believed to have come into contact with Early because Officer Mays felt a bump. When Officer Mays stopped his car,

Early attempted to flee by running towards the wood line. While in the wood line area and off of the paved portion of the parking area, a brief struggled ensued between Officer Mays and Early. Early tossed his firearm into the wooded area which was later recovered by Officer Mays. Once handcuffed and secured, Officer Mays attempted to have Early stand to walk back to the police vehicle, but Early stated his leg was broken. Early was then placed inside the vehicle he was driving, and Officer Mays requested medical assistance for Early. Early was transported to Grady Hospital for medical care.

Based on the forgoing, Officer Mays was exercising his discretionary authority as a police officer. Officer Mays had sufficient articulable suspicion to perform a *Terry* stop of the vehicle and probable cause to arrest Early for failing to stop and for fleeing the lawful stop. During the apprehension of Early, Officer Mays utilized reasonable force and did not violate Early's constitutional rights. Moreover, Officer Mays did not intentionally use his vehicle as a means of force to stop Early. Immediately, after recognizing Early was injured, Officer Mays acted reasonably in contacting dispatch and requesting immediate medical assistance to come to the scene. At all times, Officer Mays' conduct was reasonable in light of the facts and circumstances confronting him.

(c)    The legal issues to be tried are as follows:

4

**Plaintiff's Statement**:

(1)    Whether Defendant Mays was justified in running Plaintiff down with his police vehicle;

(2)    Whether running Plaintiff over with police vehicle was a violation of Plaintiff's clearly established constitutional rights;

(3)    Whether Defendant Mays is entitled to qualified or official immunity

(4)    Damages.

**Defendants' Statement**:

(5)    Whether Officer Mays violated Plaintiff's constitutional rights under the U.S. Constitution;

(6)    Whether Officer Mays is entitled to qualified immunity for Plaintiff's federal claims;

(7)    Whether Officer Mays entitled to official immunity for Plaintiff's state law claims;

(8)    Whether Officer Mays was the cause of Plaintiff's injuries;

(9)    Whether Officer Mays is liable for punitive damages; and

(10)    Any and all defenses which are pled in his answer to the complaint or any amendment of the pleadings as discovery warrants.

(d)    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases:

      **None.**

(2)    Previously Adjudicated Related Cases:

      **None.**

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

|          |       |                                                                      |
|----------|-------|----------------------------------------------------------------------|
| _____   | (1)   | Unusually large number of parties                                    |
| _____   | (2)   | Unusually large number of claims or defenses                         |
| ___ __   | (3)   | Factual issues are exceptionally complex                             |
| _____   | (4)   | Greater than normal volume of evidence                               |
| __**X**__ | (5)  | Extended discovery period is needed                                  |
| _____   | (6)   | Problems locating or preserving evidence                             |
| _____   | (7)   | Pending parallel investigations or action by government             |
| ___ __   | (8)   | Multiple use of experts                                              |
| _____   | (9)   | Need for discovery outside United States boundaries                  |
| ___ __   | (10)  | Existence of highly technical issues and proof                       |
| _____   | (11)  | Unusually complex discovery of electronically stored information     |

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:        Tanya F. Miller
                      DuBose Miller
                      75 14th NE, Suite 2110
                      Atlanta, Georgia 30309

Defendants:    Matthew H. Bennett, Esq.
                      Bennett Law Office LLC

1012 Memorial Drive
Suite 13
Griffin, Georgia 30223

**4.  Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_\_Yes          \_\_X\_\_No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.  Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

   **None.**

(b)    The following persons are improperly joined as parties:

   **None.**

(c)    The names of the following parties are either inaccurately stated or

    necessary portions of their names are omitted:

   **None.**

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

None at this time.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)    *Other limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*: Daubert motions with regarding to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**The parties have already filed and served their Initial Disclosures.**

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference.**

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four month discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>**Plaintiff's Statement:**</u>

1.  Defendant Mays' complete training, personnel and disciplinary history.

2.  The facts surrounding the arrest.

3.  Plaintiff's injuries.

9

**<u>Defendants' Statement</u>:**

1. The facts and details of the incident which forms the basis of Plaintiff's Complaint;

2. Plaintiff's medical and treatment history, arrest and criminal history, and education and employment history for purposes of evaluating plaintiff's claims for damages;

3. Plaintiff's physical and medical history and treatment, plaintiff's arrest and criminal history, and plaintiff's damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**This case would be set for a four-month discovery tract.  Discovery in this matter would be set to end on August 13, 2022.  Defendant's counsel is set to appear on two trial calendars on other cases in the month of June and August 2022 which will impact the ability for the parties to conduct discovery. Therefore, the parties request a six-month discovery period and to have until October 14, 2022 to complete fact discovery.**

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**The parties have agreed to the service of discovery requests and responses thereto by email in lieu of sending a physical copy of the same by mail, unless specifically requested by the receiving party.  The party shall have seven days from the date of the request for a physical copy of the discovery request or response to mail a physical copy of the requested documents to the requesting party.**

(b)    Is any party seeking discovery of electronically stored information?

_____Yes            __**X**__ No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties do not anticipate any electronic discovery requiring any type of forensic, keyword, or metadata searches, and will be limited to the scope of discovery typically utilized for non-ESI documents.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g.,

11

paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

> Electronic information that can be produced in PDF or paper format will be produced either via email, on a disk, or on paper. The parties reserve the right to seek electronic information through any additional manner, including but not limited to the original native format and the original metadata information. Parties agree to provide reasonable notice of the need for an additional production method. The parties have preserved all discoverable electronic matters from spoliation including all electronic communications.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

> The parties have come to an agreement in principle regarding the discovery of electronically stored information; therefore, the parties will not require a scheduling conference.

## 12.   Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

## 13.   Settlement Potential:

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **April 25, 2022**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party:

For plaintiff:  Lead counsel (signature): **/s/ Tanya F. Miller**

Other participants:        **None**

For defendant:  Lead counsel (signature): /s/ **Matthew H. Bennett**

Other participants:

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____)    A possibility of settlement before discovery.
(___X___)    A possibility of settlement after discovery.
(_____)    A possibility of settlement, but a conference with a Judge is needed.
(_____)    No possibility of settlement.

(c)    Counsel (_____) do or (___**X**___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is _____**TBD**_____.

(d)    The following specific problems have created a hindrance to settlement of this case.

**Disagreements regarding liability, causation and damages.**

**14.    Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2020.

(b)    The parties ( **X** ) do not consent to having this case tried before a magistrate judge of this Court.

**/s/Matthew H. Bennett**          **/s/ Tanya F. Miller**
Matthew H. Bennett              Tanya F. Miller
Georgia Bar No. 123408          Georgia Bar No. 508434
Counsel for Defendants          Counsel for Plaintiff

**BENNETT LAW OFFICE, LLC**        **DUBOSE MILLER**
1012 Memorial Drive, Suite 13      75 14th NE, Suite 2110
Griffin, Georgia 30224             Atlanta, Georgia 30309
Telephone: (678) 688-3554          Telephone: (404) 720-8111
Facsimile: (678) 688-3555          Facsimile: (404) 921-9557
Email: mhb@bennettlawofficellc.com  Email: miller@dubosemiller.com

* * * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2020.

_____
United States District Judge

14